# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) JERRY L. LESTER, ) ) Defendant. ) ) | Case No. 06-20151-JWL |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Jerry Lester's motion for a writ of mandamus whereby defendant requests return of a firearm and firearm accessory (doc. 196). For the reasons set forth below, this motion is denied in part and dismissed in part.

**1.      Background**

On October 11, 2006, the government filed an indictment charging defendant with two counts of making a false statement in connection with the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6) (Counts 1 and 3), and three counts of possessing a firearm in commerce while an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3) (Counts, 2, 4, and 5) (doc. 1).  The indictment sought forfeiture of any firearms and ammunition involved in the charged offenses under 18 U.S.C. § 924(d).  On February 23, 2007, the Court acquitted defendant of Counts 1 and 2, but a jury convicted defendant of the remaining counts.  On March 8, 2007, the court issued

a preliminary order of forfeiture by defendant of five specific firearms and 10,059 rounds of assorted ammunition (doc. 45). Mr. Lester was sentenced to a period of 27 months imprisonment, a fine, and the forfeiture of six firearms[1] and 10,059 rounds of ammunition (doc. 50). On May 18, 2008, the Court ordered the government to return to Mr. Lester any property then in its possession that had not been forfeited at the defendant's sentencing (doc. 128).

Mr. Lester now seeks a writ of mandamus (doc. 196), contending that the government neither forfeited nor returned a firearm and firearm accessory in violation of the court's order.

**2.    Analysis**

Federal Rule of Civil Procedure 81(b) abolished the writ of mandamus in civil actions in federal district courts. Congress, however, confirmed the availability of relief "in the nature of mandamus" with the passage of the Mandamus and Venue Act, which grants the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The court construes Mr. Lester's motion for a writ of mandamus as a request pursuant to § 1361.

To be eligible for this relief under § 1361, a petitioner must establish "(1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is

---

[1] An additional firearm was included in the forfeiture imposed at sentencing. The additional firearm was a "7.62 caliber Imbel rifle, serial number PAC12188."

2

plainly defined and peremptory, and (3) that he has no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005). The defendant's motion must be denied because his claims fail to satisfy these requirements.

A.  *Imbel Receiver Piece*

Mr. Lester seeks the return of an Imbel "receiver" piece, serial number PAC12188 (Imbel). He points out, and the government concedes, that the Imbel was not included in the preliminary order of forfeiture (doc. 45) or the final order of forfeiture (doc. 172). Based on these omissions, Mr. Lester contends that his right to the Imbel was not forfeited. Contrary to his contention, however, the defendant is not entitled to return of the Imbel on two grounds.

First, the procedural steps of criminal forfeiture show that Mr. Lester was divested of the Imbel notwithstanding the government's omissions. The court generally issues a preliminary order of forfeiture "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B). A criminal forfeiture becomes final as to the defendant with the forfeiture order entered at sentencing. Fed. R. Crim. P. 32.2(b)(4). If "a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding" where the forfeiture does not consist of a money judgment. Fed. R. Crim. P. 32.2(c)(1). A defendant "generally has no standing to participate in the ancillary proceeding that takes place after the forfeiture order is entered at sentencing." *United States v. Pelullo*, 178 F.3d 196, 202 (3d Cir.

3

1999). After ancillary proceedings are concluded, the final order of forfeiture is entered.

Here, although the Imbel was omitted from the United States' written forfeiture motions, it was identified in the indictment and was included in the forfeiture effected at sentencing and in the judgment. As "[a] criminal forfeiture becomes final as to the defendant with the forfeiture order entered at sentencing," Fed. R. Crim. P. 32.2(b)(4), Mr. Lester's right to the Imbel was forfeited at sentencing.[2] The government's omissions in the preliminary order of forfeiture and the final order of forfeiture have no impact on Mr. Lester's right of possession.

Second, even if the Imbel was not forfeited as to Mr. Lester, he is not entitled to its return. Although the defendant was not a convicted felon at the time the weapons were seized, he has since been convicted of a crime punishable by more than one year imprisonment. Under 18 U.S.C. § 922(g)(1):

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one

---

[2] Mr. Lester has previously inquired about the Imbel's omission from the preliminary order of forfeiture. The court explained:

> In his motion, defendant particularly asks about the Imbel firearm that was seized from him. That firearm was identified in the indictment and was included in the forfeiture effected at sentencing and in the judgment. The Imbel firearm has been omitted from the United States's written forfeiture motions, however. Thus, it appears that although that firearm has been forfeited, the United States may not have published proper notice of that firearm's forfeiture, such that a final order of forfeiture allowing disposition of the firearm by the United States could be entered.

(doc. 128, at 5).

4

> year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Thus, under § 922(g)(1), Mr. Lester is prohibited from possessing firearms.

Because the defendant has failed to show a clear right to relief, his motion for a writ of mandamus is denied as to the Imbel.

B.  *The "Glock Stock"*

In his motion, Mr. Lester also sought the return of a "Glock stock." In response, the government asserted that the "Glock stock" had already been returned and provided a copy of a receipt from the Bureau of Alcohol, Tobacco, Firearms and Explosives showing that a "Fobus Branding folding stock model GLR440" was released to Mr. Lester's attorney on October 3, 2007. The defendant acknowledged the return of the "Glock stock" in his reply.

As such, Mr. Lester's motion for a writ of mandamus is dismissed as moot as to the "Glock stock."

C.  *Correcting the Final Order of Forfeiture*

The government avers that "[u]pon resolution of the defendant's pending motion [it] intends to seek nunc pro tunc pleadings so as to give new notice to third-parties concerning the Imbel and to correct the Final Order" (doc. 199, at 2-3). The court orders the government to file such a motion by May 16, 2012.

5

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for a writ of mandamus (doc. 196) is denied in part and dismissed in part.

**IT IS FURTHER ORDERED BY THE COURT** that the government file a motion to give new notice to third-parties concerning the omitted firearm and to correct the final order of forfeiture by May 16, 2012.

**IT IS SO ORDERED** this 16th day of April, 2012.

                                     <u>s/ John W. Lungstrum</u>
                                     John W. Lungstrum
                                     United States District Judge