**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. )
)   Case No. 06-20151-JWL
JERRY L. LESTER, )
)
        Defendant. )
)
)

**MEMORANDUM AND ORDER**

This matter is before the court on the government's motion for a preliminary order of forfeiture nunc pro tunc (doc. 202). For the reasons set forth below, this motion is granted.

**1. Background**

On October 11, 2006, the government filed an indictment charging defendant Jerry Lester with two counts of making a false statement in connection with the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6) (Counts 1 and 3), and three counts of possessing a firearm in commerce while an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3) (Counts, 2, 4, and 5) (doc. 1). The indictment sought forfeiture of any firearms and ammunition involved in the charged offenses under 18 U.S.C. § 924(d). On February 23, 2007, the court acquitted defendant of Counts 1 and 2, but a jury convicted defendant of the remaining counts. On March 8, 2007, the court

1

issued a preliminary order of forfeiture by defendant of five specific firearms and 10,059 rounds of assorted ammunition (doc. 45). Mr. Lester was sentenced to a period of 27 months imprisonment, a fine, and the forfeiture of six firearms and 10,059 rounds of ammunition (doc. 50).[1] On May 18, 2008, the Court ordered the government to return to Mr. Lester any property then in its possession that had not been forfeited at the defendant's sentencing (doc. 128).

On February 10, 2012, Mr. Lester filed a writ of mandamus seeking return, *inter alia,* of an Imbel receiver (doc. 196). He pointed out, and the government conceded, that the Imbel was not included in the preliminary order of forfeiture (doc. 45) or the final order of forfeiture (doc. 172). Based on these omissions, Mr. Lester contended that his right to the Imbel was not forfeited. The court explained that Mr. Lester was divested of the Imbel notwithstanding the government's omissions (doc. 201, at 3-4).

The government now seeks a preliminary order of forfeiture nunc pro tunc, correcting a scrivener error to include the Imbel receiver, serial number PAC 12188 (doc. 202). Mr. Lester filed a response opposing the government's motion (doc. 205).

## 2. Standing to Challenge the Preliminary Order of Forfeiture

A criminal forfeiture becomes final as to the defendant with the forfeiture order entered at sentencing. Fed. R. Crim. P. 32.2(b)(4). If "a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding" where the forfeiture does not consist of a money judgment. Fed. R. Crim. P.

---

[1] An additional firearm was included in the forfeiture imposed at sentencing. The additional firearm was a "7.62 caliber Imbel rifle, serial number PAC12188."

32.2(c)(1). A defendant "generally has no standing to participate in the ancillary proceeding that takes place after the forfeiture order is entered at sentencing." *United States v. Pelullo*, 178 F.3d 196, 202 (3d Cir. 1999). Moreover, "[a] defendant lacks standing to make substantive motions in a forfeiture proceeding ancillary to his criminal case where he has lost his interest in the properties at issue." *United States v. Bennett*, No. 97-639, 2004 WL 829015, at *2 (S.D.N.Y. April 15, 2004).

As the court has previously explained (doc. 128, at 5; doc. 201, at 3-4), Mr. Lester's right to the Imbel was identified in the indictment and was included in the forfeiture effected at sentencing and in the judgment. As "[a] criminal forfeiture becomes final as to the defendant with the forfeiture order entered at sentencing," Fed. R. Crim. P. 32.2(b)(4), Mr. Lester's right to the Imbel was forfeited at sentencing. As such, he has no standing to participate in the ancillary proceeding by challenging the government's motion for a preliminary order of forfeiture nunc pro tunc. *See Bennett*, 2004 WL 829015, at *2.

## 3. Preliminary Order of Forfeiture Nunc Pro Tunc

The court finds that the Imbel receiver, serial number PAC 12188 was forfeited as to the defendant at sentencing, but through scrivener error was not included in the preliminary order of forfeiture. As such, the court must now enter a preliminary order of forfeiture to give notice to the world as to the ancillary forfeiture proceedings regarding the Imbel. *See* Fed. R. Crim. P. 32.2(b)(2)(A).

For the reasons set forth herein, the government's motion for a preliminary order of forfeiture nunc pro tunc (doc. 202) is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion for a Preliminary Order of Forfeiture Nunc Pro Tunc (doc. 202) is granted.

**IT IS SO ORDERED** this 26th day of July, 2012.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge